UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

MARK WILLIAMSON, on behalf of himself and all others similarly situated,

            Plaintiff,

    -against-

PINE MANAGEMENT, INC.,

            Defendant.
_____

Case No

**COMPLAINT**
Jury Trial Demanded

Plaintiff, ULISES ROJAS ("Plaintiff"), by and through his attorneys, CASTILLO STEPHENS LLP, as and for his Complaint against Defendant PINE MANAGEMENT, INC. ("Defendant"), alleges upon personal knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

### NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon violations committed by Defendant of Plaintiff's rights guaranteed to him by: (i) the Fair Labor Standards Act ("FLSA") overtime provisions, 29 U.S.C. § 207(a); (ii) the New York Labor Law's ("NYLL") overtime provisions, N.Y. Lab. Law § 160; (iii) N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iv) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of information, N.Y. Lab. Law § 195(3), (v) the NYLL's requirement that employers furnish employees with a notice and acknowledgement containing specific categories of information at the time of hiring and every year thereafter, N.Y.

Lab. Law § 195(1), and (vi) (ix) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of 29 U.S.C. § 216(b), on behalf of himself and all other current and former employees similarly situated during the applicable FLSA limitations period who suffered damages as a result of the Defendant's violations of the FLSA.

3. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of Defendant's violations of the NYLL.

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1367 over all state law claims.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(1), as the Defendant resides or maintains a principal place of business within the Eastern District of New York.

## PARTIES

6. At all relevant times, Plaintiff was or is a resident of the State of New York and is a "person" and an "employee" entitled to protection as defined by the FLSA, NYLL and the NYCCRR.

7. At all relevant times, Defendant is a foreign corporation with its principal place of business located at 41 East 11th Street, New York, NY 10003.

8. At all relevant times, Defendant owns and operates the business at the aforementioned location.

9. At all relevant times, Defendant is an "employer" and "person" within the meaning of the FLSA and the NYLL. Additionally, the Defendant's gross annual volume of sales or business done is not less than $500,000.00, and the Defendant is engaged in interstate commerce within the meaning of the FLSA, as it handles goods and food products that are moved between the States, the combination of which subjects the Defendant, as an enterprise, to the FLSA's overtime requirements. Furthermore, all Defendant's employees, including Plaintiff, are individually engaged in interstate commerce, as they personally handle goods that have been and continue to be moved in interstate commerce. This independently subjects Defendant to the overtime requirements of the FLSA with respect to each individual employee.

10. Plaintiff seeks to bring this suit to recover from Defendant unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, pursuant to 29 U.S.C. § 216(b).

11. At all relevant times, the Defendant is and has been aware of the requirement to pay Plaintiff at the rate of one and one-half times his regular rate of pay for hours worked each workweek above forty but purposely chose not to do so.

## JOINDER OF PARTIES

### FLSA Collective Action

12. Plaintiff seeks to bring this suit to recover from Defendant unpaid overtime and liquidated damages pursuant to the applicable provisions of the FLSA, pursuant to 29 U.S.C. § 216(b), on his own behalf as well as those in the following class:

> Current and former employees of Defendant who, during the applicable FLSA limitations period, performed any work in the Defendant's buildings as superintendents and/or porters who give consent to file a claim to recover overtime compensation that is legally due to them for the time in excess of forty hours in a given workweek for which Defendant did not compensate them at the legally mandated rate of one and one-half times their respective straight-time rates of pay ("FLSA Plaintiffs").

13. The Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiffs and all FLSA Plaintiffs: performed similar tasks, as described in the "Facts" section below; were subject to the same laws and regulations; were paid in the same or similar manner; were required to work in excess of forty hours each week; were not paid the required one and one-half times their respective regular rates of pay for all overtime hours worked per workweek.

14. At all relevant times, the Defendant is and has been aware of the requirement to pay Plaintiff herein and the FLSA Plaintiffs at the rate of one and one-half times their respective regular rates of pay for hours worked each workweek above forty but purposely chose not to do so.

## NYLL Class Action

15. In addition, Plaintiff seeks to maintain this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on his own behalf as well as on behalf of those who are similarly situated who, during the applicable statutory period, were subjected to violations of the NYLL.

16. Under F.R.C.P. 23(b)(3), Plaintiff must plead that:

    a. The class is so numerous that joinder is impracticable;

4

  b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

  c. Claims or defenses of the representatives are typical of the class;

  d. The representatives will fairly and adequately protect the class; and

  e. The questions of law or fact common to class members predominate over any questions affecting only individual members and that class action is superior to other methods of adjudication.

17. The Rule 23 Class that Plaintiff seeks to define includes: Current and former employees of Defendant who, during the applicable NYLL limitations period: were not furnished with complete and accurate wage statements on each payday or pay notices containing the information required by N.Y. Lab. Law § 195(1), (3). ("Rule 23 Plaintiffs").

**Numerosity**

18. Presently, Defendant has in its employment at least forty non-managerial employees.

19. During the previous six years, Defendant has employed in excess of 50 non-managerial employees that are putative members of this class.

**Common Questions of Law and/or Fact**

20. There are common questions of law and fact that govern the claims that are available to each and every Rule 23 Plaintiff, including but not limited to the following: whether the Defendant furnished and furnishes the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3), whether the Defendant furnished and furnishes the Rule 23 Plaintiffs with accurate pay notices upon hiring and every year thereafter containing the information required by N.Y. Lab. Law § 195(1),

whether the Defendant kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendant maintains any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendant's actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations.

### Typicality of Claims and/or Defenses

21.     As described in the section below, Defendant employed Plaintiff as a non-managerial, hourly employee at their buildings, as superintendent. All of Plaintiff's duties, pay rate, and pay structure were substantially similar to those of the Rule 23 Plaintiffs. All Rule 23 Plaintiffs are building superintendents and janitors. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs are and were employees within the meaning of the NYLL. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be furnished with accurate wage statements on each payday. Plaintiffs and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be furnished with accurate pay notices. Plaintiff and Rule 23 Plaintiffs have all been injured in that they have been harm due to Defendant's common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendant's defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendant's defenses to those claims.

### Adequacy

22.     Plaintiff, as described below, worked as a building superintendent. The Defendant failed to furnish Plaintiff, similarly to the Rule 23 Plaintiffs, with accurate wage statements or pay notices. Plaintiff fully anticipates testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendant's Answer. Thus, Plaintiffs would properly and

adequately represent the current and former employees who Defendant has subjected to the treatment alleged herein.

23. Additionally, Plaintiff's attorneys will adequately handle this matter.

**Superiority**

24. Plaintiff has no material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times, Defendant treated Plaintiff identically, or at the very least substantially similar to the Rule 23 Plaintiffs.

25. Any lawsuit brought by a superintendent/porter, hourly, employee of the Defendant would be identical to a suit brought by any other employee for the same violations. Thus separate litigation would risk inconsistent results.

26. Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this method is properly maintainable as a Class Action under Federal Rule of Civil Procedure 23(b)(3).

## BACKGROUND FACTS

27. At all relevant times, Plaintiff is a former employee of Defendant and performed his duties for Defendant's benefit at several buildings owned and managed by Defendant.

28. At all relevant times, the Defendant had a policy and practice of refusing to pay Plaintiff overtime compensation at the statutory rate of time and one-half for hours worked in excess of forty hours per work week; to provide a legally sufficient wage statement as required; or to provide a pay notice upon hiring and each year thereafter as required by the NYLL.

29. Defendant hired Plaintiff in or about November 2013.

30. Plaintiff worked as a painter in various (approximately 40) buildings owned and managed by Defendant throughout New York City.

31. Plaintiff's duties included painting and plastering apartments and other areas within the properties managed by Defendant. Additionally, Plaintiff performed light plumbing duties and other repairs necessary to prepare apartments for renting.

32. Commencing on or about February 1, 2014, Defendant contracted Plaintiff to work as a janitor in one of the buildings it managed, to wit, 35 Eastern Parkway, Brooklyn, a building containing approximately 70 rental units. As janitor for 35 Eastern Parkway, Plaintiff performed the additional duties of cleaning the building, collecting and taking out garbage, checking the basement for debris, handling tenant calls and repairs, maintain the boiler, and other similar duties. Plaintiff's janitorial duties were performed after his regular work hours as a painter.

33. As a painter, Plaintiff worked Monday through Friday from 8:00 a.m. to 4:30 p.m. As part of his duties, Plaintiff was required to meet with new tenants, perform a walk-through of the apartment, and provide the keys to the new tenant. This work, which occurred on average about once weekly, typically required an additional three and one-half hours to perform. Plaintiff recorded his time on his time sheet. However, he was paid only one hour extra for this work.

34. For his work as a painter, Plaintiff was paid $14 per hour through December 2015. In January 2016, Plaintiff's pay was increased to $15 per hour.

35. As a janitor, Plaintiff worked an average of an additional seven hours daily, from Monday through Saturday.

36. For his work as a janitor, Plaintiff was paid $1,000.00 monthly, and was provided an apartment in the building. Upon information and belief, according to management sources, the said apartment was valued at approximately $2,400.00.

37. Plaintiff was allocated forty-five minutes for lunch on each of his regular workdays as a painter. Plaintiff was not paid for this time. Furthermore, Plaintiff routinely had to work during his scheduled lunch breaks.

38. Plaintiff's work as a painter involved extensive travel between the approximately forty worksites. Plaintiff was not compensated for this travel time if it occurred outside his regular work hours.

39. For all work Plaintiff performed for Defendant, Plaintiff was supervised by George Perez, one of Defendant's building superintendents, and subsequently, by "Victor," also a superintendent.

40. For work performed over forty hours each week, Plaintiff was not paid at a rate of one-and-one-half times his regular rate.

41. Defendant had a policy of not paying their employees overtime, in violation of the FLSA and NYLL. For the additional services Plaintiff provided as janitor, Defendant paid a flat rate regardless of the hours Plaintiff worked, and did not keep any time records of the hours actually worked.

42. Due to the nature of the work, Defendant knew that Plaintiff was working many more than 40 hours a week and they permitted or suffered him to work those hours without paying Plaintiff at the appropriate overtime rate under the FLSA and NYLL.

**FIRST CLAIM FOR RELIEF, UNPAID OVERTIME UNDER FLSA**

43. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate for any hours exceeding forty in a workweek.

45. As described above, Defendant is an employer within the meaning of the FLSA and Plaintiff is an employee within the meaning of the FLSA.

46. As also described above, Plaintiff worked in excess of forty hours each week, yet the Defendant failed to compensate Plaintiff in accordance with the FLSA's overtime provisions.

47. The Defendant's actions were in willful violation of the FLSA.

48. Plaintiff is entitled to the compensation he is legally due under the FLSA's overtime provisions.

49. Plaintiff is also entitled to liquidated damages and attorney's fees for the Defendant's violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF, UNPAID OVERTIME UNDER NYLL

1. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

2. N.Y. Lab. Law § 160 and NYCRR tit. 12, § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate for any hours exceeding forty in a workweek.

3. As described above, Defendant is an employer within the meaning of the NYLL while Plaintiff is an employee within the meaning of the NYLL.

4. As also described above, Plaintiff frequently worked in excess of forty hours each week, yet Defendant failed to compensate Plaintiff in accordance with the NYLL's and NYCCRR's overtime provisions.

5. Defendant's actions were in willful violation of the NYLL and NYCCRR.

6. Plaintiff is entitled to the amount legally due to him under the NYLL's and NYCCRR's overtime provisions.

7. Plaintiff is also entitled to liquidated damages, attorney's fees, costs, and pre-judgment and post-judgment interest for Defendant's violations of the NYLL"s and NYCCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF, FAILURE TO FURNISH WAGE STATEMENTS IN VIOLATION OF NYLL

50. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

51. N.Y. Lab. Law § 195(3) requires that employers furnish employees "a statement with every payment of wages containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked. For all employees paid a piece rate, the statement shall include the applicable piece rate or rates

of pay and number of pieces completed at each piece rate. Upon the request of an employee, an employer shall furnish an explanation in writing of how such wages were computed."

52. As described above, Defendant is an employer within the meaning of the NYLL while Plaintiff is an employee within the meaning of the NYLL.

53. As described above, Defendant willfully failed to furnish Plaintiff with wage statements containing the criteria required under the NYLL.

54. Pursuant to N.Y. Lab Law § 198(1-d), Defendant is liable to Plaintiff in the amount of $250 for each failure of this sort, up to $5,000.00.

55. For their failure, in addition to the statutory penalties, Defendant is liable to Plaintiff for liquidated damages, attorney's fees and costs, and pre-judgment and post-judgment interest.

## **FOURTH CLAIM FOR RELIEF, FAILURE TO PROVIDE PAY NOTICES UPON HIRING AND EVERY YEAR THEREAFTER UNDER NYLL**

56. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57. The NYLL requires that employers "provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business

12

as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary. Each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgement, in English and in the primary language of the employee, of receipt of this notice, which the employer shall preserve and maintain for six years. Such acknowledgement shall include an affirmation by the employee that the employee accurately identified his or her primary language to the employer, and that the notice provided by the employer to such employee pursuant to this subdivision was in the language so identified or otherwise complied with paragraph (c) of this subdivision, and shall conform to any additional requirements established by the commissioner with regard to content and form. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the notice must state the regular hourly rate and overtime rate of pay."

58. As described above, Defendant is an employer within the meaning of the NYLL while Plaintiff is an employee within the meaning of the NYLL.

59. As described above, Defendant willfully failed to provide Plaintiff with any such pay notice containing the criteria required under the NYLL.

60. Pursuant to N.Y. Lab Law § 198(1-d), Defendant is liable to Plaintiff in the amount of $50 per day, up to $5,000.00.

61. For their failure, in addition to the statutory penalties, Defendant is liable to Plaintiff for liquidated damages, attorney's fees and costs, and pre-judgment and post-judgment interest.

## DEMAND FOR A JURY TRIAL

62. Pursuant to the Federal Rules of Civil Procedure 38(b), Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b. An order restraining Defendant from any retaliation against Plaintiffs, FLSA Plaintiffs and/or Rule 23 Plaintiffs for bringing this action;

c. An order awarding all damages that Plaintiff, FLSA Plaintiffs and/or Rule 23 Plaintiffs have sustained as a result of Defendant's conduct, including all unpaid wages Plaintiff would have received but for Defendant's misconduct;

d. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

e. An order awarding Plaintiff costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fees and other costs;

f. Pre-judgment and post-judgment interest, as provided by law;

g. Certification of this case as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

h. Designation of Plaintiff as class representative; and

i. An order granting Plaintiff, FLSA Plaintiffs and/or Rule 23 Plaintiffs any further relief as this Court finds necessary and proper.

Dated: March 7, 2018
New York, New York

>Respectfully submitted,
>
>CASTILLO STEPHENS LLP
>
>By: _____/s/_____
>Glendoval J. Stephens
>305 Broadway, Suite 1200
>New York, NY 10007
>Tel: 212-385-1400
>Fax: 212-385-1401
>firm@castillostephens.com
>*Attorneys for Plaintiffs*