October 8, 2018

Hon. Raymond J. Dearie
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room N505
Brooklyn, NY 11201

Re: **Joint Request for Judicial Approval of FLSA Claims Settlement**
**Mark Williamson v. Pine Management, Inc., and 35 Eastern Parkway Owners Corp.**
**Case No. 1:18-cv-01584-RJD-ST**

Your honor:

This joint letter is submitted pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). The parties respectfully submit that your Honor should approve the settlement because it is a reasonable compromise of Plaintiff's claims, after lengthy negotiations and substantial discovery.

This action was commenced on March 14, 2018, to recover damages for unpaid overtime wages under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). Additionally, Plaintiff brought claims under the NYLL for failure to provide pay notice upon hiring and paystubs over the course of his employment.

Plaintiff alleged that he was owed unpaid overtime wages from November 2013 through May 18, 2016. Plaintiff alleged that he was initially hired as a painter for over 40 properties managed by Defendants and then, beginning in or around February 2014, he was given additional duties as a janitor at one of those buildings. Plaintiff alleged he was due overtime pay for work performed during his half-hour lunch breaks during his duties as a painter; for work performed after his regular work hours as a painter for which Plaintiff alleged he was not fully compensated; and for overtime work for hours spent on his janitorial duties.

In response to Plaintiff's allegations, Defendants provided payroll and time sheet records, which Plaintiff reviewed. Defendants also disputed the dates of employment given by Plaintiff, and asserted that an August 10, 2016, release signed by Plaintiff, which released all claims against Defendants except for "any and all claims based on wages" amounted to a waiver of claims brought under New York Labor Law (NYLL) § 195.

Plaintiff made an initial demand of $52,878.70. This demand took into account the fact that Plaintiff, upon review of time sheets provided by Defendants, did not dispute the accuracy of those time sheets as to hours worked as a painter after regular hours, but continued to maintain that he

was not paid for work performed during his lunch breaks, nor was he paid time-and-a-half for his janitorial duties. The parties entered into vigorous negotiations regarding Plaintiff's claims and Defendants' defenses. Plaintiff eventually accepted Defendants' assertion that he was mistaken as to the dates he started work as a painter and as to the year he assumed his janitorial duties (significantly shortening Plaintiff's potential recovery period). Plaintiff also admitted that he received a notice of pay rate upon hiring pursuant to NYLL § 195(1). Accordingly, based on the foregoing undisputed facts, i.e., Plaintiff's correct dates of employment in each position and his receipt of a notice of pay rate upon hiring, Plaintiff re-calculated his demand to $29,599.60. The parties continued to disagree about the underlying merits of Plaintiff's claim, including the number of hours Plaintiff alleged he worked and Defendants' assertion that Plaintiff's janitorial position should be treated as a separate job that was exempt from overtime under the minimum wage order applicable to the building industry.

The Court referred the matter to mediation. However, the parties' extensive, vigorous negotiations beginning early in the proceedings allowed the parties to overcome all obstacles to settlement and resulted in a settlement of all claims in the amount of $18,000.00.

The compromise of Plaintiff's claims is fair and reasonable. As set forth above, Defendants were able to establish that Plaintiff initially was mistaken about his employment dates, resulting in a substantially reduced claim. Plaintiff also admitted to receiving NYLL § 195(1) notice (Defendants produced a copy of the notice to Plaintiff as part of the negotiations), and admitted that his time sheets accurately reflected his hours worked as a painter. Furthermore, Defendants vigorously disputed the hours Plaintiff claimed he worked as a janitor as well as Plaintiff's right to recover for those hours worked as a janitor under the FLSA and the NYLL based upon Defendants' belief that Plaintiff, as a janitor, was exempt from overtime under the NYLL pursuant to the minimum wage order applicable to the building industry. Nevertheless, the settlement reached by the parties included a reasonable compromise of the hours Plaintiff worked as a janitor. Furthermore, the Defendants vigorously disputed Plaintiff's right to recover under NYLL § 195(3) for his pay stub claims. However, these claims continued to form an integral part of the negotiations and the ultimate settlement.

Had this matter gone to trial, the establishment of overtime hours worked would have depended on the credibility of witnesses. Defendants' time sheets contradict Plaintiff's claims of hours worked during lunch. It is quite possible that the trier of facts may discount some or all of Plaintiff's claims regarding this element of the claim. Records of hours worked on janitorial duties are not available. Plaintiff claimed extensive hours worked performing these duties after his regular work hours as a painter. It is possible, if not probable, that the trier of facts would substantially discount the hours Plaintiff claimed to have worked performing these duties. Furthermore, the defenses raised as a matter of law (i.e., the janitorial exemption to overtime) added further uncertainty as to the likely recovery at trial.

The settlement reached by the parties fairly reflected the risk faced by each party. The parties' settlement therefore represents a fair and reasonable compromise of the claims and defenses in this matter.

Plaintiff is represented by Glendoval J. Stephens. Mr. Stephens has been in practice since 1992 and has extensive litigation and negotiation experience. Mr. Stephens has handled numerous trials and settlements in civil matters through the years, including various FLSA and NYLL matters in federal and New York State courts. Mr. Stephens was able to count on the advice and consent of his partner, Mr. Francisco Castillo, who has been in practice for 8 years and has handled employment matters, including FLSA, for the last 7 years.

For the reasons stated above, the parties request your Honor approve the settlement agreement as being fair and reasonable under the FLSA and dismiss the action with prejudice.

Respectfully submitted,


_____/s/_____           _____/s/_____
Glendoval J. Stephens GS0903                      Alessandro Villanella, Esq.
CASTILLO STEPHENS LLP                             JACKSON LEWIS P.C.
305 Broadway, Suite 1200                          58 South Service Road, Suite 250
New York, NY 10007                                Melville, NY 11747
Tel: (212) 385-1400                               Tel: (631) 247-0404